Max **KLINE** and Adelmo Cervi, Appellants,

v.

W. Willard **WIRTZ**, Secretary of Labor, United States Department of Labor, Appellee.

No. 23276.

United States Court of Appeals Fifth Circuit.

Feb. 17, 1967.

John L. Britton, Feibelman, Friedman, Hyman & Britton, Miami, Fla., for appellants.

Bessie Margolin, Assoc. Sol., Dept. of Labor, Allen H. Sachsel, Atty., Dept. of Labor, Charles Donahue, Sol. of Labor, Robert E. Nagle, William Fauver, Attys., Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court enjoining the Employer (Kline and Cervi) from violations of the F.L.S.A., 29 U.S.C.A. § 201 et seq., and awarding back pay to certain of their employees. The Employer owns and operates the Central Meat Company located in Fort Lauderdale, Florida, receiving shipments of meat from Iowa which, after a period of storage and processing, is delivered locally by the Employees here in question.

In a two-pronged attack, the Employer first challenges the District Court's finding that the local delivery truck drivers were not engaged in the transportation of goods "in" interstate commerce, 49 U.S.C.A. § 304, which would bring them within the § 13(b) (1) motor carrier exemption from the overtime requirements of the F.L.S.A., 29 U.S.C.A. § 213 (b) (1). Second, it challenges the finding that the Employees worked an average of 54 hours per week.

Bearing in mind that "movement," cessation of movement, interruption of movement are each factual matters, we think that the District Court had ample basis to conclude that the "interstate" movement ceased when the meat was delivered to Employer's storage and processing area. There at least a substantial part of the Iowa meat was boned, trimmed, and cut to order before delivery to customers, thus interrupting the continuity of transit between its out-of-state origin and the ultimate destination. Consistent with the principles so recently reviewed, Shew v. Southland Corp., 5 Cir., 1966, 370 F.2d 376 [Dec. 28, 1966], and applied with an even hand, now to impose coverage, now to deny it, cf. Mitchell v. Livingston & Thebaut Oil Co., 5 Cir., 1958, 256 F.2d 757, 759, now to deny the § 13(b) (1) ICC exemption, now to grant it, the Trial Court's factual choice passes muster, F.R.Civ.P. 52(a).

Even less need be said as to the second attack. Considering that the Employer has the obligation to maintain accurate time and wage records 29 U.S.C.A. § 211(c); Mitchell v. Mitchell Truck Line, Inc., 5 Cir., 1961, 286 F.2d 721, 725–726, the District Court had more than sufficient justification for concluding that the Employees worked in excess of 40 hours per week, and in basing its award on a finding of 54 hours per week.

Affirmed.

* Of the Third Circuit, sitting by designation.